**Borough of Wilkinsburg v. WIMCO Metals Inc.**

C.P. of Allegheny County, no. GD97-11304.

*James Corbelli,* for plaintiff.
*Paul F. Fagan* and *Thomas A. Shumaker,* for defendants.

FRIEDMAN, *J.,* June 7, 2000—

## INTRODUCTION

This case centers on the *intention* of plaintiff, the Borough of Wilkinsburg, to impose its business privilege tax on certain income received by defendants. The question is not one of constitutionality of the tax. All exhibits were jointly presented to the court and therefore are not designated as either plaintiff's or defendants' exhibits. Also, it should be noted that defendants were referred to during the hearing collectively as "WIMCO," and the court will occasionally do likewise herein.

Defendants do not rely on pre-enactment promises that the ordinance regarding business privilege tax would be *different* from the one that was in fact passed; this is plaintiff's characterization only and the court rejects it as unsupported by the credible evidence; rather defendants' contention is that the ordinance, *as passed,* and as clarified by ancillary rules and regulations embodied in the instruction sheet, *does not attempt* to tax any receipts that involve a shipment from an out-of-state scrap metal supplier to an end user in Pennsylvania.

In the early 1980s, plaintiff decided it needed more revenue to meet its budgetary needs. After public hearings and discussions of alternatives with plaintiff's largest employers, including WIMCO and WTAE, a major radio and television broadcast station, plaintiff's council passed an ordinance imposing the tax. The first return was due in 1983 and reflected the tax payable for calendar year 1982. WIMCO filed every return in a timely and complete fashion.

For almost 15 years, the parties operated on a specific interpretation of the ordinance: that it would apply only to one segment of defendants' business, the brokering of scrap metals between sellers and buyers who were *both* located in Pennsylvania. This interpretation is reflected in the instructions plaintiff sent out with the tax forms and also by plaintiff's own conduct both before and after the tax was imposed. The uncontroverted evidence supports this.

Plaintiff now asserts that the tax applies, and should have applied, to transactions where the buyer alone is in Pennsylvania. Plaintiff also now contends that because WIMCO occasionally takes *title* to the scrap metal (depending on whether it is shipped FOB seller or FOB buyer), WIMCO is a *seller* rather than a *broker.*

The credible and essentially uncontroverted evidence shows that this recent interpretation of plaintiff's tax is contrary to plaintiff's prior interpretations and is the result not of plaintiff's own governmental actions, but rather of plaintiff's new tax collector's use of its own internal rules and regulations without regard to plaintiff's prior policies. It should be noted that plaintiff's prior conduct is reflective of its *intended* policy. This is not a case where either the earlier borough managers or borough councils were *ignoring* policy.

The verdict must be in favor of defendants. See verdict slip filed separately.